UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:95cr35 |
| ) | |
| TERRANCE LAMONT JONES, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the Court on a Petition for Reduction or Modification of Sentence, filed by the defendant, Terrance Lamont Jones ("Jones"), on July 31, 2020.  The Government responded to the motion on August 31, 2020.

Discussion

On March 7, 1997, Jones was charged in two counts with: Count 1 – Armed Bank Robbery, in violation of 18 U.S.C. §2113(a) and (d); and Count 2 – Using a Firearm During a Crime of Violence, in violation of 18 U.S.C. §924(c).

The case proceeded to trial on May 21, 1997 and Jones was convicted on all counts that same day. (R. 21). On August 22, 1997, Jones was sentenced to 51 months imprisonment on Count 1 consecutive to a term of 240 months imprisonment on Count 2. Jones was ordered to serve five years of supervised release on Count 1 concurrent with a term of 3 years of supervised release on Count 2. Jones argued on appeal that there was insufficient evidence to support his conviction. The Seventh Circuit Court of Appeals affirmed Jones' conviction on May 6, 1998. *United States v. Jones*, 142 F.3d 440 (7th Cir. 1998).

Thereafter, Jones twice unsuccessfully challenged his conviction under 28 U.S.C. §2255.

(R.37, R.60). Jones then filed the instant motion on July 31, 2020. (R. 65). The Federal Community Defender's Office filed a Notice of Non-Representation on August 17, 2020.

A district court's statutory authority to modify an imposed term of imprisonment is set forth in 18 U.S.C. § 3582(c), which states that "the court may not modify a term of imprisonment once it has been imposed except" when the defendant satisfies the criteria listed in the statute. The defendant bears the burden of establishing his entitlement to relief under 18 U.S.C. § 3582(c)(1)(A). *United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31. 2020); *United States v. Gold*, No. 15-CR-330, 2020 WL 2197839, at *1 (N.D. Ill. May 6, 2020). Title 18 U.S.C. § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted [all administrative remedies], may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—
>    (i) extraordinary and compelling reasons warrant such a reduction ...
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission….

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf.[1] § 3582(c)(1)(A).  The Government argues that the defendant bears the burden of showing that he has

---

[1] Jones cites to 18 U.S.C. Section 3582(c)(1)(A), and states "Request to the Warden attached".  However, there are no attachments to Jones' motion. This omission is irrelevant, as the Court has jurisdiction to consider the motion regardless of whether Jones has exhausted his administrative remedies.

2

exhausted his administrative rights and remedies. *United States v. Van Sickle*, No. CR18-0250 JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

However, this Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020), and *United States v. Russell*, No. 1:14-CR-6-HAB (N..D. Ind. June 4, 2020), relying on the Seventh Circuit's decision in *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015). Thus, in light of those decisions, Jones' motion is properly before this Court regardless of whether he has or has not completed the statutory exhaustion process.

This Court may reduce Young's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The Sentencing Commission has also issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). This policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." That standard is met if:

> First: If the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), endstage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).

3

> Second: The defendant is "suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

A possibility exists that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D). If a defendant's medical condition does not fall within one of the categories specified in the application note (and no other part of the application note applies), his or her motion must be denied.

The Government contends that the mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not fall into either of those categories and therefore does not alone provide a basis for a sentence reduction. The categories encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) as revised April 8, 2020; *United States v. Eberhart*, __F.Supp.3d __ (N.D. Cal. 2020) 2020 WL 1450745 at *2 ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."). Section 3582(c)(1)(A) contemplates sentence reductions for specific individuals, not the widespread prophylactic release of inmates and the modification of lawfully imposed sentences to deal with a world-wide viral pandemic.

Jones' motion cites to no medical conditions from which he suffers that would put him at increased risk for serious illness or death should he contract COVID-19. Jones claims that he

4

"suffers from mental health issues, high blood pressure and obesity". However, he fails to discuss these alleged conditions in any detail, and he also fails to provide any supporting medical evidence. He then makes a vague reference to having a "very high risk of catching the virus." This is wholly insufficient to meet his burden under 18 U.S.C. §3582(c)(1)(A).The BOP website, at www.bop.gov/coronavirus/index.jsp, shows that USP Victorville has had 2 inmates and 12 staff test positive for COVID-19. This is hardly a widespread outbreak and evidences that the precautions being taken by USP Victorville have been effective in combating the spread of COVID-19, and also refutes the argument that Jones would be safer from the virus were he released.

Jones spends the bulk of his petition arguing that his sentence is too harsh for the crime of armed bank robbery, that armed bank robbery is not a crime of violence, and that his sentence under 18 U.S.C. §924(c) (Using a Firearm During a Crime of Violence) violates due process.

At the time Jones was convicted of violating 18 U.S.C. § 924(c), the statute was comprised of two parts – an elements clause found in §924(c)(3)(A) and a residual clause found in §924(c)(3)(B). *United States v. Davis*, 139 S.Ct. 2319 (2019) held that §924(c)(3)(B) - the residual clause of §924(c), was unconstitutionally vague and therefore an inappropriate basis for conviction. However, the *Davis* decision did nothing to invalidate §924(c)(3)(A) and it remains an appropriate basis on which to convict. Jones' argument completely ignores this fact. The Seventh Circuit has held that armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) has, as an element, the use, attempted use or threatened use of physical force against the person of another and is therefore a crime of violence under the elements clause. *United States v. Armour*, 840 F.3d 904, 908-09 (7th Cir. 2016), as amended (June 26, 2017), *United States v. Williams*, 864 F.3d

5

826 (7th Cir. 2017). Accordingly, Jones' arguments are meritless and his §924(c) conviction remains valid.

## Conclusion

On the basis of the foregoing, Jones' request for reduction or modification of sentence [DE 65] is hereby DENIED.

Entered: October 13, 2020.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court